## UNITED STATES v. NUZUM.

(Third Division.   Valdez.   October 22, 1914.)

No. 435, Criminal.

THEATERS AND SHOWS ⬦⟶3—LICENSE—MOVING PICTURE SHOW.

A moving picture show is a "theater," within the meaning of Comp. Laws 1913, § 2569, providing that any person who conducts a "theater" shall pay a license tax of $100 per annum.

This is an information brought by the district attorney to test the question as to whether the moving picture business comes under the head of theaters, within the meaning of section 2569 of the Compiled Laws of Alaska, which section reads as follows:

"That any person or persons, corporation, or company prosecuting or attempting to prosecute any of the following lines of business within the district of Alaska shall first apply for and obtain license so to do from a district court or a subdivision thereof in said district, and pay for said license for the respective lines of business * * * as follows: * * *

"Theaters, one hundred dollars per annum."

Defendant conducts an ordinary moving picture business in a suitable room in a building at Seward, Alaska, charging admission therefor and furnishing music with the pictures as exhibited.

Guy B. Brubaker, Asst. Dist. Atty., for the United States. Harold N. Nuzum, of Los Angeles, Cal., in pro. per.

BROWN, District Judge. There are no authorities directly in point as to this question, because the occupation tax in force in Alaska is not in force anywhere else in the United States.

The defendant in his brief claims that it is not reasonable that a picture show, which he says is conducted on a small scale, should pay $100, when a waterworks company, which sells water and supplies cities or towns or power plants pays only half that amount; but this reasoning cannot be sound. A picture show might conduct a very large and profitable business, and a waterworks might conduct a

very small and losing business. It seems reasonable that these picture shows should bear their reasonable share of taxation, and the rate of $2 per week for a business drawing so much of the public patronage in the way of amusement cannot be considered an unreasonable taxation.

The definitions of the word "theater," found in the dictionaries and cyclopedias, are that it is a "show," an "exhibition," a "spectacle"; and I take it that the kind and fashion of these exhibitions change with the changing fashions of the ages, like many other matters, inventions, and changing forms.

In the case of Block v. City of Chicago, 239 Ill. 251, 87 N. E. 1013, 130 Am. St. Rep. 219, a case where a theater company denied the right of the city of Chicago to censor its pictures, the opinion in the case repeatedly refers to the moving picture business as being conducted in five and ten cent theaters, and the word "theater," as applied to moving picture shows, is used throughout the opinion in that case.

It seems, if there is any doubt in the matter, that it should be resolved in favor of the taxing power as a matter of public policy. See City of Rochester v. Rochester Ry. Co., 182 N. Y. 99, 74 N. E. 953, 70 L. R. A. 779, where it is said (speaking of exemptions):

"In many cases, Legislatures may, in the interest of the public, contract for the exemption of other property. Such contract should receive a strict interpretation, and every reasonable doubt be resolved in favor of the taxing power."

It therefore seems to me that the moving picture business would properly come within the meaning of the word "theater;" and as such should pay the tax of $100.